**Paul SELLARS, Plaintiff–Appellant,**

v.

**Benjamin PERRY, Individually and in his capacity as Fire Chief of the City of Gary, Indiana; The Gary Fire Civil Service Commission and City of Gary, Indiana, by and through its Board of Public Works and Safety, Defendants–Appellees.**

**No. 95–3147.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1996.

Decided April 4, 1996.

given our disposition of this issue.

Joseph V. Simeri (argued), Butler & Simeri, South Bend, IN, for Plaintiff-Appellant.

Margaret L. Felton, Rebecca Wyatt (argued), City of Gary Law Department, Eric O. Clark, Gary, IN, for Defendants-Appellees.

Before CUMMINGS, EASTERBROOK and DIANE P. WOOD, Circuit Judges.

CUMMINGS, Circuit Judge.

Paul Sellars, a Gary, Indiana, firefighter, filed this 42 U.S.C. § 1983 action for reinstatement of employment with the Gary Fire Department. The issue on appeal is whether Sellars, who did not work for approximately five months due to medical problems, knew or should have known that he was no longer employed by the Department such that his Section 1983 claim accrued more than two years prior to filing suit and after the statute of limitations had run. The district court held that the claim accrued when the employer sent a letter accepting an apparently false resignation from Sellars. Because the court failed to apply the discovery rule to determine when Sellars' claim accrued, we now reverse and remand for application of the proper standard.

On December 13, 1990, Sellars experienced chest pains while on duty and was taken by

ambulance to a hospital. He left the hospital the next day but returned on the 15th when the chest pains worsened. While still under treatment, Sellars received a letter from Benjamin Perry, Gary's Fire Chief, dated December 19, 1990. The letter stated that Sellars was absent without leave from his position in violation of Department rules, that he would not be paid for those days nor any future days that he missed, and that Perry would request a hearing as soon as possible before the Gary Civil Service Commission to review the charges, which also included failure to provide a correct telephone and address and conduct unbecoming of a firefighter. The letter was sent to "772 Vermont Street" in Gary.

Department rules require filing of charges, notice, and a hearing as conditions for dismissal of a firefighter. Sellars never received further notice of a hearing. However, Defendants claim that Perry received a letter of resignation from Sellars on or about January 23, 1991. Interestingly, Sellars' surname is spelled with an "e"—Sellers—and the signature on the letter also uses an "e." Sellars claims, rather persuasively, that the letter is a forgery. Nonetheless, Perry sent Sellars a letter dated January 29, 1991, accepting the resignation effective immediately and asking for the return of certain property. Perry sent Sellars another letter dated February 13, 1991, stating that exit pay was being withheld due to Sellars' failure to return the property. Both letters were sent to "2273 Tennessee Street" in Gary, and Sellars claims that he received neither.

Sellars attempted to contact Perry occasionally to determine his status with the Department, but his attempts were unsuccessful. In early May 1991, Sellars talked with William Todd, a captain in the Department, who told Sellars that Perry had possession of a letter of resignation. Sellars claims that this was his first notice that he was no longer a firefighter. On April 26, 1993, Sellars filed suit in the district court seeking reinstatement to his former position pursuant to 42 U.S.C. § 1983, alleging that his employment was taken from him without notice and a hearing. The magistrate judge granted Defendants' motion for summary judgement,

holding that Sellars' action was time-barred by the applicable statute of limitations.

A Section 1983 action is subject to the statute of limitations governing personal injury claims in the state where the alleged injury occurred. *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254; *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993). The applicable statute of limitations in Indiana is two years. I.C. 34–1–2–2(1). While state law determines the period of limitations, federal law determines when a Section 1983 claim accrues. *Hondo, Inc. v. Sterling,* 21 F.3d 775, 778 (7th Cir.1994). A Section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Id.* Thus the essential question in this case is whether Sellars knew or should have known that his employment with the Department was terminated prior to April 26, 1991—two years before he filed a complaint in federal court.

The district court identified but ultimately misapplied the proper legal standard. It concluded that Sellars' claim accrued on January 29, 1991, because that was the date the Department terminated him. Thus the court focused on the date of actual termination by the Defendants. It is correct that the statute of limitations cannot begin to run until a defendant takes some action to injure plaintiff. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 449 (7th Cir.1990), certiorari denied, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079. It is also correct that Defendants in this case took such an action by accepting the resignation from "Sellers" in the January 29 letter. Termination by acceptance of forged resignation is termination nonetheless. Subsequent litigation (if commenced in time) decides whether termination was proper, not whether it occurred. But the district court only had it half right: in addition to adverse action by a defendant, accrual also requires discovery by plaintiff of the wrong that injured him. *Id.* at 450 (citing *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431). The discovery rule is read into statutes of limitations in federal-question cases such as this and states that a claim does not accrue until

the plaintiff discovers he has been injured. *Id.*

■ The district court's conclusion is plainly incorrect under the discovery rule. Sellars simply could not have known on January 29, 1991, that Perry had accepted the resignation, for that was the date on which the letter was drafted and not when Sellars received it. At best, Sellars received the letter a couple of days later and only then discovered his injury. But we cannot even assume that from the record. The January 29 letter as well as the February 13 follow-up letter were sent to the Tennessee Street address rather than the Vermont Street address at which Sellars had received the December 19 letter. Sellars claims he never received the last two letters and knew nothing about them until his early May discussion with Todd. Defendants respond in their brief that both letters were sent by certified mail, citing the affidavit of Andrea Holiday, Perry's secretary. But the affidavit does not say they were sent certified, nor does it or any other supporting document explain why the letters were sent to Tennessee Street, save the perfunctory assertion that they were sent to the "last known address." But it appears from the record that the last known address was on Vermont Street, because that is where Sellars received the last known correspondence from Perry. Construing these facts in the light most favorable to Sellars, as we must in reviewing summary judgment, *East Food & Liquor, Inc. v. United States,* 50 F.3d 1405, 1410 (7th Cir.1995), the record fails to show that Sellars actually knew of his termination from the January 29 letter or from any other source.

■ But should Sellars have known he was no longer employed by the Department? The discovery rule asks whether the plaintiff knew *or should have known* of his injury. *Cathedral of Joy Baptist Church v. Village of Hazel Crest,* 22 F.3d 713, 717 (7th Cir.1994), certiorari denied, — U.S. —, 115 S.Ct. 197, 130 L.Ed.2d 129. The district court did not address this aspect of the discovery rule, and thus a remand is warranted. On remand, the court must make an objective inquiry into the facts to determine when Sellars should have discovered his injury. *Id.*

In the record as developed thus far, several facts bear on this inquiry. On the one hand, it seems unreasonable for Sellars to think he is employed by the Department when he has neither worked nor received pay for over five months. It also seems odd that Sellars was unable to contact someone other than Perry to determine his employment status prior to his conversation with Todd in May, even though Sellars claims he attempted several times to contact Perry. On the other hand, if the court accepts the fact that Sellars never received the January 29 or February 13 letters, then the last correspondence received (the December 19 letter) stated only that Sellars would not be paid until he returned to work and that a hearing would be called. Given this information, Sellars' belief that he was still employed by the Department might be reasonable. From his vantage point, the Department was merely dilatory in calling a hearing, perhaps thinking that the pay suspension made final action on his employment status less pressing. The question for the district court is whether at any point Sellars' belief became objectively unreasonable. A more complete record would be helpful to the determination.

The judgment of the district court is vacated and the case remanded for application of the proper legal standard.