124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sheikh Bashir AHMED, M.D., Plaintiff-Appellant,
v.
John P. QUINN, M.D., Michael Reese Hospital and Berkshire
Medical Center,[1] Defendants-Appellees.
 No. 96-2796.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 13, 1997.*
Decided August 13, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 C 6673 CHARLES R. NORGLE, Judge.
 Before HON. JOHN L. COFFEY, HON. JOEL M. FLAUM, and HON, MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Dr. Sheikh Bashir Ahmed, appearing pro se, brought suit in federal court alleging violations of the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), and 1986 and raising numerous state law claims against the defendants. The district court dismissed the claims against Berkshire Medical Center ("Berkshire") for lack of personal jurisdiction and dismissed the federal claims against Dr. John Quinn ("Quinn") and Michael Reese Hospital ("Michael Reese") as time-barred. The district court also dismissed the racial discrimination claims against all of the defendants because Ahmed failed to sufficiently plead supporting facts. Ahmed appeals. We affirm.
 
 
 2
 Ahmed was a first-year resident at Michael Reese in Chicago from June 1990 until his termination in March 1991. During Ahmed's tenure at Michael Reese, Dr. Quinn was the head of the residency program. According to Ahmed, Quinn made false accusations against Ahmed, disparaging his character and his abilities, and compelled hospital staff to write "discounting remarks or evaluations or prevaricating letters" against him. (Compl., p 23). Ahmed also asserts that Quinn falsely accused him of sexually harassing two hospital employees and publicly humiliated him by having him arrested for the alleged incidents of sexual harassment at the hospital. Ahmed was terminated from the residency program in March 1991, but later obtained a position at Christ Hospital Oak Lawn. Before he began working, however, he alleges that Quinn sent a "false and malicious communication" to Christ Hospital and persuaded it to withdraw the offer of employment. Ahmed then obtained a position at Farmingham Union Hospital in Massachusetts, but, according to Ahmed, this offer of employment also was rescinded because of Quinn's intervention.
 
 
 3
 Ahmed then found a position at Berkshire Medical Center in Massachusetts and worked there as resident beginning in July 1991. In December 1991, however, Berkshire's Program Director and an associate dean told Ahmed that they had received a letter from the American Board of Internal Medicine ("ABIM"). stating that Ahmed needed psychiatric care and should not be permitted to continue in the program. Accordingly, Berkshire terminated Ahmed in March 1992. Ahmed attributes his termination to a letter that Quinn sent the ABIM criticizing his abilities and questioning his mental state. Upon obtaining a senior resident position at Edgewater Medical Hospital in Chicago, the hospital requested that the Illinois Department of Professional Regulation ("IDPR") transfer his temporary medical license from Christ Hospital to Edgewater. Again, Ahmed asserts that due to an intervening "malicious and derogatory" letter that Quinn sent to the IDPR, the transfer was denied. Ahmed also claims that the IDPR refused his transfer as a result of additional information received from Berkshire which stated that he possessed poor clinical judgment, and which had been submitted as part of an ongoing conspiracy by Quinn, Michael Reese, and Berkshire against him.
 
 
 4
 In October 1994, Ahmed filed suit in federal district court in Massachusetts alleging civil rights violations against Berkshire under Title VII, 42 U.S.C. § 1981, the Fourteenth Amendment, breach of contract, and intentional or negligent infliction of emotional distress. Ahmed moved for leave to amend the complaint to add Quinn, Michael Reese, and the IDPR and then for a preliminary injunction. Both motions were denied. Subsequently, Ahmed filed the instant suit in November 1995 in the Northern District of Illinois. The district court dismissed the complaint without prejudice. The district court subsequently dismissed Ahmed's second amended complaint seeking $36 million in damages for violations of the Fifth and Fourteenth Amendments, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3) and 1986, and numerous state law claims. The court concluded that personal jurisdiction against Berkshire did not exist, and that the statute of limitations had expired with respect to Ahmed's claims against Quinn and Michael Reese.[2] It also concluded that the claims based on racial discrimination were insufficient as pleaded. Ahmed appeals.
 
 
 5
 With respect to Ahmed's claims against Berkshire, we agree that personal jurisdiction against Berkshire did not exist. We review de novo a district court's conclusion as to whether personal jurisdiction exists over a defendant. RAR, Inc. v. Turner Diesel. Ltd., 107 F.3d 1272, 1275 (7th Cir.1997). The plaintiff has the burden of demonstrating personal jurisdiction. Id. at 1276. Because the Illinois long-arm statute authorizes the exercise of personal jurisdiction " 'on any ... basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States,' " we look first to the Illinois Constitution then to the U.S. Constitution to determine whether personal jurisdiction is appropriate in this case. Id. (quoting 735 ILCS 5/2-209(c)). The Illinois Constitution permits jurisdiction to be asserted over a non-resident "only when it is fair, just, and reasonable to require a nonresident to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 565 N.E.2d 1302, 1316 (Ill.1990). Because we have found no Illinois case which will provide a definitive answer on the jurisdictional issue as it would be decided under the Illinois Constitution with respect to the facts of this case, we move on to an analysis of personal jurisdiction under the due process parameters of the U.S. Constitution. See RAR, Inc., 107 F.3d at 1277.
 
 
 6
 In order to comply with the Due Process Clause of the Fourteenth Amendment, a state may exercise personal jurisdiction over nonresident persons or corporations to the extent that "maintenance of the suit does not offend 'traditional notions of fair play and justice.' " International Shoe Co. v. Washington, 326 U.S. 310. 316 (1945) (internal citation omitted). "In specific jurisdiction cases, we must decide whether a defendant 'has purposefully established minimum contacts within the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." RAR, Inc., 107 F.3d at 1277 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1984)). This analysis includes a determination as to whether the defendant "should reasonably anticipate being haled into court" in the forum state. Burger King, 471 U.S. at 474. A defendant may have "fair warning" that it would be called to defend a suit in the forum state if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State thereby invoking the benefits and protections of the forum's laws." Klump v. Duffus, 71 F.3d 1368, 1372 (7th Cir.1995) (quoting Burger King, 471 U.S. at 477-78), cert. denied, 116 S.Ct. 2523 (1996).
 
 
 7
 Ahmed asserts that Berkshire's contacts were constitutionally sufficient to permit an Illinois court to exercise jurisdiction over it. First, Ahmed alleges that Berkshire sent a defamatory letter to the IDPR, apparently after he was terminated from Berkshire, which subsequently led to the IDPR's refusal to transfer his temporary medical license as he requested. He also states that the program director at Berkshire called the program director at Michael Reese prior to hiring Ahmed to confirm Ahmed's period of service and his performance at Michael Reese. We conclude that these two contacts alone do not confer personal jurisdiction. Al other contact with Ahmed regarding the allegations in the complaint occurred in Massachusetts: Berkshire is located in Massachusetts (Compl., p 12c); Ahmed was invited for an interview at Berkshire, (Compl., p 29), and the alleged tortious conduct by Berkshire took place in Massachusetts (Compl., p 45i-vi). Berkshire did not solicit Ahmed's employment application and the letter sent to the IDPR was sent as a result of a request from the IDPR.[3] Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co., 18 F.3d 389, 394 (7th Cir.1994) ("In determining whether the defendant purposefully availed itself of a particular forum for purposes of the Fourteenth Amendment, courts in this circuit have considered whether the defendant solicited the transaction in question within the proposed forum."). One phone call from Berkshire to Michael Reese and one letter from Berkshire to the IDPR, sent at the IDPR's request, are not sufficient for us to conclude that Berkshire would reasonably expect itself to be haled into court in Illinois.
 
 
 8
 Further, Ahmed's assertion of an alleged conspiracy between Berkshire and Illinois residents Quinn and Michael Reese also is insufficient to confer personal jurisdiction. Stauffacher v. Bennett, 969 F.2d 455, 460 (7th Cir.1992) ("The cases are unanimous that a bare allegation of a conspiracy between the defendant and a person within the personal jurisdiction of the court is not enough."). Ahmed's complaint is replete with legal conclusions but lacks any basis from which a conspiracy could be inferred. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir.1981) (even construing pro se plaintiff's complaint liberally, "conclusory allegations [of conspiracy] unsupported by any factual assertions will not withstand a motion to dismiss"), aff'd, 460 U.S. 325 (1983); see also Kunik v. Racine County, 946 F.2d 1574, 1580 (7th Cir.1991) (allegations of a conspiracy "must further be supported by some factual allegations suggesting a 'meeting of the minds' "); Hansen v. Ahlgrimm, 520 F.2d 768, 770 (7th Cir.1975). Ahmed alleges no facts from which we could find a meeting of the minds among these defendants. The necessary minimum contacts do not exist such that the district court in Illinois could exercise jurisdiction over Berkshire in accordance with the Due Process Clause. Accordingly, personal jurisdiction did not exist and the district court properly dismissed the claims against Berkshire.
 
 
 9
 Ahmed also asserts that the claims against Quinn and Michael Reese were improperly dismissed on statute of limitations grounds, We review the grant or denial of a motion to dismiss under Federal Rule of Procedure 12(b)(6) de novo. Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir.1996). We accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the non-moving party. Id. at 178-79. Initially, even if we assume, as Armed urges, that he did not become aware of the alleged conspiracy until October 1994, his claim under § 1986 would be barred by the applicable one-year statute of limitations because he did not file the complaint until November 1995. Woods v. Indiana Univ.--Purdue Univ. at Indianapolis, 996 F.2d 880, 890 (7th Cir.1.993) (one-year limitation period for § 1986). The remaining alleged federal violations under 42 U.S.C. § 1981, 1983, 1985(3) and the Fifth and Fourteenth Amendments are all subject to a two-year statute of limitations. Sanders v. Venture Stores, Inc., 56 F.3d 771, 775 n. 2 (7th Cir.1995) ("federal civil rights actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred," which in Illinois is two years, 735 ILCS, 5/13-202) (citing Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1992)). Federal courts apply federal law when deciding when a claim accrues. Hondo, Inc. v. Sterling, 21 F.3d 775, 778 (7th Cir.1994). A claim accrues when the plaintiff knows or should have known that it has been injured. Wagner v. Nutrasweet Co., 95 F.3d 527, 533 (7th Cir.1996); Cada v. Baxter Healthcare, 920 F.2d 446, 450 (7th Cir.1991).
 
 
 10
 Accepting as true that Ahmed suffered civil rights violations when he was terminated from his residency position at Michael Reese, Ahmed knew or should have known that he had been injured by Quinn and Michael Reese as early as December 1990. Ahmed alleges that Quinn subjected him to "groundless and patently false allegations" and "introduce[d] fairy tales in to [sic] the plaintiffs file" during his tenure at Michael Reese. (Compl., p 21). In December 1990, Ahmed states that he submitted an application to the administration at Michael Reese "request[ing] for [sic] a stop to this tormenting and inflexible persecution and abuse by Dr. John P. Quinn." (Compl., p 22). In addition, Ahmed alleges that he was removed from Michael Reese in March 1991 based on Quinn's false charges and that Quinn's false communications to Christ Hospital and Farmingham Union Hospital led to the rescission of those employment offers during the summer of 1991. (Compl., pp 26-27.). Accordingly, Ahmed was aware of his injury by Quinn and Michael Reese as early as December 1990 and no later than July 1991. Sellars v. Perry, 80 F.3d 243, 245 (7th Cir.1996) (in a § 1983 employment termination case, "the essential question is whether [the plaintiff] knew or should have known that his employment with the Department was terminated prior to April 26, 1991--two years before he filed a complaint in federal court"). His assertion that Quinn and Michael Reese fraudulently concealed certain violations until October 1994, thus allowing Ahmed five years from the alleged date of discovery to file suit under 735 ILCS 5/13-215, lacks merit. Chakonas v. City of Chicago, 42 F.3d 1132, 1136 (7th Cir.1994) ("A plaintiff who is aware of his injury is not allowed to wait until the time that he becomes aware of its unlawful nature."); see also Scherer v. Balkema, 840 F.2d 437, 440 (7th Cir.1988) (rejecting plaintiffs argument that defendants fraudulently concealed information and prevented him from realizing he was injured when plaintiff admitted that he knew of certain acts by the defendants prior to the expiration of the limitations period and the "four later-discovered incidents, since they merely amplify the dozens of other allegations in the amended complaint, would not have changed the litigation.").
 
 
 11
 Ahmed's allegations against Berkshire are based, in part, on false evaluations which he claims Berkshire generated to show that his performance was substandard.[4] Ahmed's complaint, however, makes clear-that he was aware of the allegedly false reports as early as January 1992. (Compl., p 45ii) (asserting that the "bogus" letters which were being submitted by Berkshire in support of his termination "were proved to be totally false in front of the staff of Berkshire medical [sic] Center itself on Jan [sic] 25, 1992"). Thus, Armed's assertion that Berkshire's "fraudulent concealment" prevented Ahmed from filing a timely action is without merit and his claims based on the false evaluations are time-barred. In addition, Ahmed claims that Berkshire violated his constitutional rights by sending false information to the IDPR which led them to delay and ultimately deny the transfer of his temporary medical license. Ahmed never alleges the date when this communication from Berkshire to the IDPR was sent or when he discovered it; however, he does allege that he was aware as of May 1993, more than two years before he filed suit against Berkshire, that the IDPR was deliberately delaying the transfer of his license. (Compl., p 47vii). Consequently, Ahmed's claims against Berkshire are time-barred.
 
 
 12
 Ahmed was aware of his injuries inflicted by Quinn and Michael Reese at the latest by June 1993 and by Berkshire in May 1993, yet he did not file suit against the defendants until November 1995. Accordingly, his claims against all of the defendants are time-barred.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The Illinois Department of Professional Regulation was initially named as a defendant but was dismissed in April 1996 because it is immune from suit as a state agency under the Eleventh Amendment
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a), Cir. R. 34(f)
 
 
 [2]
 The district court dismissed the claim under 42 U.S.C. § 1982 because the basis of the claim was not evident from the complaint. Ahmed does not challenge the dismissal of this claim on appeal
 
 
 [3]
 Ahmed states that the "private defendants were now authorized and mandated to report against the plaintiff as a part of their duty." Compl., p 52
 
 
 [4]
 We note that while the district court did not dismiss Ahmed's claims against Berkshire on statute of limitations grounds, it would have been an appropriate alternative ground for dismissal