In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1323

United States of America,

Plaintiff-Appellee,

v.

Booker T. Duke,

Defendant-Appellant,

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 92-134-CR-01-D/F--S. Hugh Dillin, Judge.

Submitted August 22, 2000--Decided October 12, 2000

 Before Bauer, Posner, and Manion, Circuit Judges.

 Posner, Circuit Judge.  Duke appeals from the
denial of his motion under Fed. R. Crim. P. 41(e)
for the return of currency, vehicles, and parcels
of real property that had been forfeited as an
incident to criminal proceedings brought against
him in the early 1990s. The real estate had been
forfeited pursuant to a default judgment entered
after Duke, though he had been served with
process, failed to respond to the government's
complaint or file a claim of ownership of the
property. As a result, he never became a party to
the forfeiture action, United States v. 8136 S.
Dobson Street, 125 F.3d 1076, 1082 (7th Cir.
1997), and so has no standing to seek relief from
the judgment under Fed. R. Civ. P. 60(b), the
only available route, since Fed. R. Crim. P.
41(e) is inapplicable to civil forfeitures. Fed.
R. Crim. P. 54(b)(5).

 Some of the property, though, was forfeited in
administrative proceedings, and this presents a
more interesting question. Most of it had been
seized pursuant to a search warrant executed
before Duke's criminal trial. After the trial, in
which Duke was convicted, the DEA ordered the
property forfeited. That was back in September of
1993 and it was not until October of last year,
more than six years after the forfeiture, that
Duke filed his motion under Rule 41(e) for the
return of the property on the ground of

irregularities in the forfeiture proceeding. The district court ruled that the motion was untimely.

Although Congress has now fixed a five-year statute of limitations for challenges to administrative forfeitures, 18 U.S.C. sec. 983(e)(3), this new provision is limited to proceedings begun on or after August 23, 2000, Civil Asset Forfeiture Reform Act of 2000, Pub. L. 106-185, sec. 21; there is no congressional statute of limitations expressly applicable to earlier administrative forfeitures. For that matter, it is not even clear what the jurisdictional basis is for a challenge to such a forfeiture, since, if it is deemed civil, it is taken out from under Fed. R. Crim. P. 41(e) by Rule 54(b)(5). We have held that the correct jurisdictional basis is 28 U.S.C. sec. 1331, the general federal-question statute, Willis v. United States, 787 F.2d 1089, 1093 (7th Cir. 1986), and the other circuits to have addressed the issue agree. E.g., United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995). It is true that if Duke were contending that the government had confiscated his property in violation of the just-compensation clause of the Fifth Amendment, the district court would have jurisdiction only if he were seeking no more than $10,000 in compensation. 28 U.S.C. sec. 1346(a)(2). That statute would also provide the jurisdictional basis for his suit if it were one to quiet title to the real estate that the government seized. See 28 U.S.C. sec. 1346(f). But it seems that he's seeking merely to replevy the property, without making a constitutional or other claim encompassed by section 1346(a)(2) and without seeking a determination of title--though if he were seeking such a determination, the statute of limitations would be twelve years, albeit only with respect to his claim for the real estate. See 28 U.S.C. sec. 2409a(g).

This romp through Title 28 has not revealed an applicable statute of limitations, and in such cases we are told to borrow a limitations period from the federal or state statute that is most like the statute or common law doctrine under which the plaintiff is proceeding. We agree with Polanco v. DEA, 158 F.3d 647, 652-54 (2d Cir. 1998), that the closest analogy is a civil suit challenging federal administrative action. Duke's claim for the return of his property is civil in character and he is challenging a federal administrative action, namely the action of the DEA in declaring the property forfeited to the United States. Civil suits challenging federal administrative action are subject to a six-year statute of limitations. 28 U.S.C. sec. 2401(a).

But we must decide when the six years started to run. Duke argues that he didn't know that his property had been forfeited in September 1993 because he had not been given the notice of forfeiture required by 19 U.S.C. sec. 1607(a). The record is silent on whether he had been given the statutory notice; but even if he hadn't been, the suit would be untimely. The federal common law rule on when a statute of limitations begins to run is that it is when the plaintiff discovers, or by exercise of due diligence would have discovered, that he has been injured and who caused the injury. E.g., United States v. Kubrick, 444 U.S. 111, 120-21 (1979); Fries v. Chicago & Northwestern Transportation Co., 909 F.2d 1092, 1095 (7th Cir. 1990); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). When the only question is when the injury was discovered, however, it is usually enough just to ask when the plaintiff discovered it, not when he should have discovered it, e.g., Goodhand v. United States, 40 F.3d 209, 212 (7th Cir. 1994); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990); Union Pacific R.R. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998); Sprint Communications Co. v. FCC, 76 F.3d 1221, 1226 (D.C. Cir. 1996), as the category of injuries of which people culpably are unaware is small. The duty of diligence generally comes into play only when the issue is when the plaintiff learned or should be penalized for having failed to learn that the defendant was the source of the injury. To know you've been injured and make no effort to find out by whom is laxity that must be penalized in order to secure the objectives of statutes of limitations.

This, however, turns out to be the unusual, though not unprecedented, case in which the plaintiff was culpable for failing to discover that he had been injured. See Sellars v. Perry, 80 F.3d 243, 246 (7th Cir. 1996); Cathedral of Joy Baptist Church v. Village of Hazel Crest, 22 F.3d 713, 718-19 (7th Cir. 1994); Rotella v. Pederson, 144 F.3d 892, 896 (5th Cir. 1998). Duke was injured when the forfeiture took place, and so the only question is when he should be charged with discovery of it. The property in question had been seized before trial pursuant to a search warrant. The government regarded the property as proceeds and instrumentalities of crime, as Duke well knew, and thus as forfeitable. Having been convicted at trial, he could hardly have expected the property to be returned to him, see Williams v. DEA, 51 F.3d 732, 736 (7th Cir. 1995), but in any event the record is replete with evidence that he knew long before September 1993 that the government meant to keep the property. The discovery rule does not permit the victim of an alleged wrong to postpone the running of the

statute of limitations by willfully closing his eyes, ostrich-like, to a known probability that he has been injured, even if he is not certain. A plaintiff who either knew that he was injured or should have known is deemed to have "discovered" the injury for purposes of the statute of limitations.

For completeness we note that even though the statute of limitations began to run in September 1993, its running might have been arrested by the doctrine of equitable tolling had Duke through no fault of his own been unable to sue within six years. E.g., Taliani v. Chrans, 189 F.3d 597, 597-98 (7th Cir. 1999); Chapple v. National Starch & Chemical Co., 178 F.3d 501, 505-06 (7th Cir. 1999); Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); Shisler v. United States, 199 F.3d 848, 851-52 (6th Cir. 1999). It would have been arrested for as long as (though no longer than) he would have required in the exercise of due diligence to file his suit. Duke alludes to the doctrine but cannot argue with a straight face that it took him more than six years to find out that his property had been forfeited. He failed to display the diligence that the doctrine of equitable tolling requires of those who would use it to extend the statute of limitations. E.g., Elmore v. Henderson, No. 99-3783, 2000 WL 1297714, at *4 (7th Cir. Sept. 14, 2000); Warren v. Garvin, 219 F.3d 111, 113-14 (2d Cir. 2000); Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 562 (6th Cir. 2000).

Affirmed.