UNITED STATES of America,
Plaintiff–Appellee,

v.

Ricki M. MCCLENDON, Defendant–
Appellant.

No. 00–1737.

United States Court of Appeals,
Seventh Circuit.

Submitted May 3, 2001.*

Decided May 8, 2001.

Before FAIRCHILD, BAUER, and
POSNER, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Federal inmate Ricki McClendon filed a motion to vacate a default Drug Enforcement Administration (DEA) administrative forfeiture arising out of his convictions for narcotics and weapons offenses. The district court concluded that it lacked jurisdiction to review the forfeiture, and denied the motion. We vacate and remand.

Some time after his 1994 indictment in the Southern District of Indiana for drug trafficking and weapons charges, the DEA apparently instituted administrative forfeiture proceedings against $25,682 of McClendon's money. We say "apparently" because the record and briefs are devoid of any details of this forfeiture whatsoever. McClendon failed to judicially contest the forfeiture by filing a claim and a cost bond, *see* 19 U.S.C. § 1608, and as a result the DEA entered a default forfeiture against the money, *see* 19 U.S.C. § 1609. McClendon was eventually convicted, we affirmed, *United States v. McClendon*, No. 96–1670, 1998 WL 60396 (7th Cir. Feb.10, 1998) (unpublished order), and the district court denied him habeas corpus relief in 1999.

In January 2000 McClendon filed in the district court a document titled "Motion to Vacate, Set Aside Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and Rule 60(b)" under the docketing number of his criminal case. In the motion McClendon asked the court to vacate the default forfeiture on the ground that the DEA failed to give him notice of its intention to forfeit the funds. McClendon argued that because he had been in federal custody at all times since his arrest, the DEA should have mailed him notice of the forfeiture proceeding. Without directing the government to respond, the district court denied the motion on the ground that the forfeiture was an administrative rather than a judicial proceeding. McClendon's motion, the court stated, related to no judicial act taken in the course of his criminal prosecution.

McClendon then filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure Rule 59(e). In the motion McClendon acknowledged that the forfeiture was administrative and was not part of his criminal case, and confessed that he was not entirely sure how to challenge it. But, he asserted, the district court had jurisdiction to determine whether the DEA provided him constitutionally adequate notice of the forfeiture. He also contended that, because he was proceeding pro se, the court should have overlooked any incorrect references to the rules before dismissing his motion out of hand. McClendon urged the court to reconsider and "to invoke its equitable jurisdiction" to set aside the forfeiture. The district court concluded that it had made no manifest error of law, and declined to reconsider. The court went on to state that it denied McClendon's original motion because McClendon filed it in his criminal case, rather than as a separate civil action, and that the court had no obligation to treat McClendon's motion as "something which it was not."

■ McClendon appealed, but the government has raised a jurisdictional objection to this appeal. The government contends that we have no appellate jurisdiction because this proceeding arises from a criminal case, and McClendon did not file his notice of appeal within the requisite 10 days after judgment (he filed it 33 days after judgment). Fed. R.App. P. 4(b)(1)(A). This is incorrect. Claims for the return of seized or forfeited property are civil in character, *United States v. Duke*, 229 F.3d 627, 629 (7th Cir.2000), and, because the United States is a party, McClendon had 60 days to file his notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(B), *see Unit-*

ed States v. Taylor, 975 F.2d 402, 403 (7th Cir.1992); United States v. Madden, 95 F.3d 38, 39 (10th Cir.1996); United States v. Garcia, 65 F.3d 17, 18 n. 2 (4th Cir.1995); Hunt v. United States Dep't of Justice, 2 F.3d 96, 97 (5th Cir.1993); United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1987); see also Betts v. United States, 10 F.3d 1278, 1283 (7th Cir.1993) (appeal of civil matter ancillary to criminal proceeding is governed by civil rules, even if "filed in" criminal case). The district court denied McClendon's original motion on January 27, 2000. McClendon filed his notice of appeal on March 20, 2000, within the 60–day limit. We note further that both McClendon and the government believe that only McClendon's Rule 59(e) motion is before us. That is also incorrect. McClendon's notice of appeal was timely to bring up the district court's first order.

■ On the merits then, McClendon raises a single argument: the district court should have construed his "Motion to Vacate, Set Aside Default Judgment" as a motion for the return of seized property under Federal Rule of Criminal Procedure 41(e). As the proceeds of drug transactions, McClendon's money was presumably forfeited under 21 U.S.C. § 881(a)(6), which is civil in nature, United States v. Usrery, 518 U.S. 267, 287–88, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1997), and Rule 41(e) does not apply to civil forfeitures, Fed.R.Crim.P. 54(b)(5); Duke, 229 F.3d at 629. But the district court should not have denied his motion simply because he failed to identify the correct procedural avenue of relief or filed it as part of his criminal case. See Taylor, 975 F.2d at 403. Actions and motions challenging administrative forfeitures after the conclusion of criminal proceedings are routinely treated as civil equitable proceedings.

Duke, 229 F.3d at 629; United States v. Solis, 108 F.3d 722 (7th Cir.1997); Williams v. DEA, 51 F.3d 732, 735 (7th Cir.1995); Willis v. United States, 787 F.2d 1089, 1093 (7th Cir.1985); United States v. Martinez, 241 F.3d 1329, 1330–31 (11th Cir.2001); United States v. Torres Gonzalez, 240 F.3d 14, 17 (1st Cir.2001); United States v. Minor, 228 F.3d 352, 355 (4th Cir.2000); United States v. Bein, 214 F.3d 408, 411 (3d Cir.2000); United States v. Dusenbery, 201 F.3d 763, 768 (6th Cir. 2000); Polanco v. DEA, 158 F.3d 647, 651 (2d Cir.1998); Small v. United States, 136 F.3d 1334 (D.C.Cir.1998); United States v. Clark, 84 F.3d 378, 381 (10th Cir.1996); Armendariz–Mata v. United States Dep't of Justice, 82 F.3d 679, 682 (5th Cir.1996); United States v. Woodall, 12 F.3d 791, 793 (8th Cir.1993). The district court should have thus construed McClendon's motion as a civil complaint. See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir.1995); Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir.1992); Woodall, 12 F.3d at 794 n. 1.

■ Moreover, the district court was incorrect to conclude that it lacked jurisdiction to review the alleged forfeiture on the ground that the forfeiture proceeding had not been made part of McClendon's criminal case. To initiate forfeiture proceedings, the government must publish notice of its intent to forfeit the property at least once a week for three successive weeks in a newspaper of a general circulation in the judicial district where the forfeiture proceedings is brought, and provide interested parties with personal written notice of the seizure and information on the applicable procedures for challenging the forfeiture. 19 U.S.C. § 1607(a); Garcia v. Meza, 235 F.3d 287, 290 (7th Cir. 2000). Once the government complies with these notice procedures, the property owner has 20 days from the date of first

publication to file a claim and post a cost bond. 19 U.S.C. § 1608. If the property owner fails to timely file a claim and post a bond, an administrative forfeiture occurs by default, 19 U.S.C. § 1609, which divests the district courts of jurisdiction to hear claims that could have been raised in the administrative proceeding but were not. *Garcia*, 235 F.3d at 290.

The district courts, however, have limited jurisdiction to review a claim of constitutionally deficient notice of forfeiture proceedings. *Id.; Krecioch v. United States*, 221 F.3d 976, 980–81 (7th Cir.2000) *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir.2000) (en banc); *Polanco*, 158 F.3d at 651; *Arango v. United States Dep't of the Treasury*, 115 F.3d 922, 925 (11th Cir. 1997); *United States v. Deninno*, 103 F.3d 82, 84 (10th Cir.1996); *Giraldo*, 45 F.3d at 511; *Woodall*, 12 F.3d at 793; *United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir.1993); *Scarabin v. DEA*, 919 F.2d 337, 338 (5th Cir.1990). That is what McClendon asserted here. He claimed that he received no notice of the DEA's intent to forfeit his money. McClendon has been in federal custody at all times since his 1994 indictment, so his name and whereabouts were easily ascertainable by the DEA, and the DEA should have at least mailed him personal written notice of the forfeiture by certified mail. *Robinson v. Hanrahan*, 409 U.S. 38, 39–40, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972); *Krecioch*, 221 F.3d at 980–81. McClendon says he never received a letter, but his statement alone does not mean that the DEA failed to provide him with constitutionally adequate notice. *See Whiting v. United States*, 231 F.3d 70, 74, 77 (1st Cir.2000); *Small*, 136 F.3d at 1336; *Clark*, 84 F.3d at 380–81. Nothing in the record, however, reflects what notice, if any, McClendon actually received of the forfeiture proceedings. Without additional information, we cannot say whether the government followed the proper procedure.

Finally, in passing we observe that Congress recently enacted the Civil Asset Forfeiture Reform Act of 2000, now codified at 18 U.S.C. § 983(e), which now sets forth the exclusive procedure to challenge an administrative forfeiture. Section 983(e) took effect on August 23, 2000 and thus does not apply to this proceeding. In cases subject to § 983(e), a movant such as McClendon will have to show not only that the government knew or reasonably should have known of his interest in the property yet failed to take reasonable steps to notify him, but that he did not know or have reason to know of the seizure within sufficient time to file a timely claim. *See* 18 U.S.C. § 983(e)(1).

The judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with this order.