**Helen PERKINS–ALEXANDER,**
**Plaintiff–Appellant,**

**v.**

**Esteban F. SANCHEZ, et al.,**
**Defendants–Appellees.**

No. 00–1792.

United States Court of Appeals, Seventh Circuit.

Submitted June 18, 2001.*

Decided Aug. 3, 2001.

See also: 1999 WL 50845.

Before MANION, ROVNER, EVANS, Circuit Judges.

## ORDER

Helen Perkins–Alexander filed a complaint for damages and equitable relief alleging that an assistant United States attorney, three DEA agents, two deputy federal marshals, and a Peoria, Illinois neighborhood association conspired "individually and officially" to seize her home and her rental property. The residence was forfeited in 1996 because Perkins–Alexander's husband had been using it to facilitate the drug trafficking conspiracy that led to his current imprisonment, *United States v. One Parcel of Real Estate Located at 936 Northeast Glen Oak Ave.*, No. 97–2505, 1999 WL 50845, at *1 (7th Cir. Feb. 2, 1999), but the government abandoned its effort to forfeit the rental property after holding it for more than two years. The district court dismissed Perkins–Alexander's suit for failure to timely serve the complaint on the United States Attorney for the Central District of Illinois and the United States Attorney General. Perkins–Alexander appeals, and we affirm.

Perkins–Alexander filed her complaint pro se on July 6, 1999, alleging that all of the defendants conspired to evict her from her home on Northeast Glen Oak Avenue in Peoria because she is black, and that the federal defendants unlawfully seized a rental property on Bond Street in Peoria. A magistrate judge recommended dismissing the suit because Perkins–Alexander only served process on the individual federal defendants without also complying with Federal Rule of Civil Procedure 4 by serving the United States Attorney for the Central District of Illinois and the United States Attorney General within 120 days of filing her complaint. Further, the magistrate judge concluded that even if Perkins–Alexander was given an extension of time to perfect service, her complaint had been filed after the statute of limitations had run. The district court accepted the magistrate judge's recommendation, concluding that Perkins–Alexander had neither demonstrated "good cause" for her failure to timely serve the United States Attorney and Attorney General, nor offered sufficient justification for the district court to exercise its discretion and extend the deadline for perfecting service. In addition, the district court accepted the magistrate judge's alternative recommendation—that Perkins–Alexander did not file her complaint within the applicable statute of limitations period. Perkins–Alexander then filed this appeal, challenging solely the dismissal of her official capacity claims against the federal employees.[1]

We believe that regardless whether Perkins–Alexander should have been given an extension of time to perfect service, her suit is barred because she filed her complaint after the statute of limita-

---

1. In her appellate brief Perkins–Alexander explicitly states that the dismissal of her claim against the unidentified members of the neighborhood association is not at issue in this appeal, and she makes no argument about the propriety of the dismissal of her claim against the federal agents in their individual capacities.

tions had expired. Lawsuits, such as this one, filed pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), are controlled by the personal injury statute of limitations of the state where the alleged injury occurred. *Delgado–Brunet v. Clark,* 93 F.3d 339, 342 (7th Cir.1996). In Illinois the statute of limitations for personal injury lawsuits is two years. *Id.* Perkins–Alexander believes that the statute of limitations began to run when she was evicted from her home on July 10, 1997 and, thus her lawsuit, which she filed on July 6, 1999, is timely. But under federal common law (which defines the accrual of a *Bivens* action, *see Leavell v. Kieffer,* 189 F.3d 492, 495 (7th Cir.1999)), the statute of limitations begins to run "when the plaintiff *discovers,* or by exercise of *due diligence* would have discovered, that [she] has been *injured* and who *caused* the injury." *United States v. Duke,* 229 F.3d 627, 630 (7th Cir.2000). Therefore, we agree with the district court's conclusion that Perkins–Alexander knew or should have known that she was injured by the forfeiture proceedings more than two years before she filed her complaint either (1) when the government gave public notice of the forfeiture in 1991; (2) when, in 1993, Perkins–Alexander signed an occupancy agreement allowing her to reside at her residence until the property's disposition was adjudicated; (3) when, on March 18, 1996, the Government served Perkins–Alexander by mail with a "Motion for Writ of Assistance," alleging that she was not complying with the terms of the occupancy agreement; (4) when, a month later, the Government sent Perkins–Alexander notice that it withdrew its Motion for Writ of Assistance; or (5) when, on June 16, 1997, Perkins–Alexander paid the filing fee for the appeal of the forfeiture proceedings. And although Perkins–Alexander argues that she did not discover the forfeiture proceedings until she was evicted from her home, her alleged failure to discover the injury does not allow her to "postpone the running of the statute of limitations by willfully closing [her] eyes, ostrich-like, to a known probability that [she] has been injured, even if [she] is not certain." *Id.*

On a final note, Perkins–Alexander contends that we should count the day of her eviction as the day she was injured based on the "continuing wrong" theory. The "continuing wrong" theory applies solely to situations in which a "series of wrongful acts ... creates a series of claims," thus resetting the accrual date each time a separate injury occurs. *Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201–U,* 46 F.3d 682, 686 (7th Cir.1995). In this case the forfeiture is a single injury ultimately resulting in Perkins–Alexander's eviction and, as we have repeatedly held, the time begins to run with "the original act of discrimination, *not* future confirmation of the injury or determination that the injury is unlawful." *Soignier v. Am. Bd. of Plastic Surgery,* 92 F.3d 547, 551–552 (7th Cir.1996) (collecting cases).

Accordingly, the judgment of the district court is AFFIRMED.