Christopher **HOLLY**, Plaintiff–
Appellant,

v.

Michael **ANTON**, Defendant–Appellee.

No. 03–1653.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

Christopher Holly, Danville, IL, for
Plaintiff–Appellant.

Before COFFEY, KANNE, and
WILLIAMS, Circuit Judges.

**ORDER**

Christopher Holly, an Illinois inmate
confined at the Danville Correctional Center, filed a complaint in the Northern District of Illinois under 42 U.S.C. § 1983
alleging that Michael Anton, a detective
with the sheriff's office in Cook County,
Illinois, entered his home in Indiana without a warrant and confiscated his computer in violation of his federally guaranteed
rights to due process and privacy. The
district court dismissed the complaint sua
sponte under 28 U.S.C. § 1915(e)(2)(B) for
failure to state a claim after concluding
that the suit is time-barred. We affirm.

In his complaint, filed in January 2003,
Holly alleges that Detective Anton entered
his residence and removed the computer
components in December 1998, and that he
first learned in March 2000 that the equipment had been taken. But Holly's suit
comes more than four years after the alleged violation and almost three years after he admittedly learned about it; his

* After an examination of the briefs and the
record, we have concluded that oral argument is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

principal contention is that the district court erred in dismissing his complaint because in Indiana the statute of limitations for claims regarding personal property is five years.

We start by assessing the nature of Holly's claim. In this court he focuses on his theory that the seizure of his computer denied him due process, but Holly has no due process claim. The Supreme Court held that an "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *see Galdikas v. Fagan*, 342 F.3d 684, 693 (7th Cir.2003). And we have held that the Indiana Tort Claims Act, Indiana Code §§ 34–13–3–1 through 13-3-25 (2004), provides an adequate post-deprivation remedy to redress claims like Holly's. *See Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir.1987). Holly also mentions the Fourth Amendment, however, and construing his pro se complaint liberally, *see Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir.1996), we read his claim as arising under that amendment and turn to his argument about the statute of limitations.

Holly is correct that § 1983 borrows a limitations period from the state where the injury occurred, *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir.2001); *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir.1996); *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir.1993), but the only relevant provision is the state's limitations period for personal injury claims, *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Johnson*, 272 F.3d at 519; *Sellars*, 80 F.3d at 245. In Indiana, the limitations period for personal injury, and thus § 1983 claims, is two years. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir.2000); *see* Ind. Code § 34–11–2–4 (2004).

Although a statute of limitations is an affirmative defense that a plaintiff need not "anticipate or plead around" in his complaint, *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir.1999), a plaintiff may plead himself out of court if he alleges facts that conclusively demonstrate that his claim is time-barred, *see Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 & n. 14 (7th Cir.1998). Federal law determines when a § 1983 claim has accrued, *Sellars*, 80 F.3d at 245, and the federal rule is that a claim accrues when the plaintiff knows or should have known that his constitutional rights have been violated, *Licari v. City of Chicago*, 298 F.3d 664, 668 (7th Cir.2002); *Kelly*, 4 F.3d at 511. Here, even if we assume that Holly's claim did not accrue until March 2000 when he first learned that his computer had been seized, he still waited more than two years to bring suit.

Holly, though, contends that Detective Anton took his computer equipment in connection with a criminal investigation, and that the statute of limitations was tolled under Indiana law until that investigation was concluded—according to Holly—in December 2002. Like the statute of limitations, state tolling provisions are borrowed under § 1983, *Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir.2001), but Holly fails to cite, and we have not located, any authority consistent with the tolling rule that he espouses. *Cf. Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir.2002) (explaining that inmate's claim that FBI agent stole valuable artwork three years before suit was filed might survive the applicable two-year statute of limitations period if inmate could not reasonably have discovered agent's involvement sooner or if agent had

fraudulently concealed his involvement). Holly does not explain why he believes that the investigation ended in December 2002, but even accepting his allegation as true, we have no basis to conclude that the limitations period was ever tolled.

Holly is further advised that he has accrued three strikes under the Prison Litigation Reform Act, *see* 28 U.S.C. § 1915(g). The strikes include, in addition to the two incurred for filing this litigation in the district court and pursuing it here, two others for *Holly v. Velasco*, No. 03 C 0619, and *Holly v. Collins*, No. 03 C 2562, both filed in the Northern District of Illinois. Unless Holly is in imminent danger of serious physical injury, he may not, while incarcerated, file a suit in the federal courts without prepaying the filing fee.

AFFIRMED.