WILLIAM STAFFORD, District Judge,
concurring.
While I concur in the result reached by the majority, I write separately to explain why I think the district court should be affirmed.
On December 29, 2007, the Bureau of Alcohol, Tobacco, Firearms and Explosives (the “Bureau”) seized 79 firearms from a storage room in Gilbert, Arizona. After receiving notice of administrative forfeiture proceedings against the seized property, Steve and Thomas Bentley, using the same law firm, filed separate claims with the Bureau, challenging the forfeiture and seeking return of the firearms. The Bent-leys’ claims were denied by the Bureau on the basis that the claims were not received before the statutory claim period expired. The Bentleys thereafter filed a complaint in federal district court, alleging that the Bureau failed to give them proper notice of seizure in violation of their due process rights. The district court dismissed the action without elaboration. Because our review is de novo, we can affirm the district court’s dismissal on any ground supported by the record.
The Capital Asset Forfeiture Reform Act of 2000 (“CAFRA”), 18 U.S.C. § 983, sets forth “the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.” Id. at § 983(e)(5). That remedy is limited as follows:
(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may
(A) the Government knew, or reasonably should have known, of the moving party’s interest and failed to take reasonable steps to provide such party with notice; and
(B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
18 U.S.C. § 983(e)(1)(A) (emphasis added).
By the statute’s terms, relief is available only in instances where the injured party did not receive adequate notice to challenge the proceeding. It follows that the court’s review is limited to determining whether the government followed proper procedural safeguards. Consideration of the merits of a non-judicial forfeiture is beyond the purview of the court’s review. See e.g., Mesa Valderrama v. United States, 417 F.3d 1189, 1196 (11th Cir.2005) (explaining that, under § 983(e), the court has jurisdiction to review the procedures but not the merits of a non-judicial forfeiture); United States v. Stevens, No. CR 04-00289 WBS, 2009 WL 55919, at *1 (E.D.Cal. Jan.07, 2009) (same).
The Bentleys maintain that the Bureau failed to provide them with proper notice of the forfeiture proceeding. To succeed with their claim, they must show not only that the Bureau failed to take reasonable steps to notify them but also that they did not know or have reason to know of the seizure within sufficient time to file a timely claim. United States v. McClendon, 10 Fed. Appx. 341, 344 (7th Cir.2001) (unpublished); see also Upshaw v. United States Customs Serv., 153 F.Supp.2d 46, 51 (D.Mass.2001) (rejecting argument based on lack of written notice because the claimant had actual notice of the non-judicial forfeiture proceedings within sufficient *32 time to submit a timely claim); United States v. $10,000.00 in United States Currency, No. 06cv2439-L(AJB), 2007 WL 2330318, at *4 (S.D.Cal. Aug. 13, 2007) (noting that a person with actual notice of the seizure who did not receive a written notice and did not timely file a claim loses his or her right to set aside a forfeiture).
18 U.S.C. § 983(a)(2)(B) provides that a person seeking the return of forfeited property may file a claim “not later than the deadline set forth in a personal notice letter ..., except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.” A claim is “filed” when it is received by the seizing agency, not when it is mailed. United States v. $65,930.00 in U.S. Currency, No. 3:03CV01625 (RNC), 2006 WL 923704, at *2 (D.Conn. Mar.28, 2006).
An exhibit to the Bentleys’ complaint reveals that the Bureau published notice of the seizure in The Wall Street Journal — a newspaper of national circulation — on January 17, 24, and 31, 2008. Assuming, for the sake of argument, that the Bureau failed to give both Thomas and Steve Bentley proper written notice of the forfeiture, the time for filing a claim lapsed on March 1, 2008, thirty days after final publication in The Wall Street Journal.[1] Attachments to their complaint affirmatively establish that both Bentleys had to have had actual notice of the seizure no later than Tuesday, February 26, 2008, the day them law firm first wrote a letter to the Bureau asserting a claim to the seized weapons. Thomas’s and Steve’s claims were received by the Bureau on March 4 and 6, 2008, respectively. Because it is receipt by the Bureau and not posting by the claimants that determines “filing,” the Bentleys’ claims were clearly late, even if we assume that they were entitled to rely on the time-filing period triggered by notice in The Wall Street Journal
In sum, I would affirm because the Bureau properly denied the Bentleys’ claims as being untimely filed, and the district court correctly dismissed the Bentleys’ complaint for failure to state a due process claim. See, e.g., Nunley v. Dep’t of Justice, 425 F.3d 1132, 1139 (8th Cir.2005) (explaining that “a person cannot complain about the constitutionality of the methods used to provide notice [of forfeiture] when he or she has received actual notice (assuming it is timely), for he or she has suffered no harm”).

. Because there were 29 days in February in 2008, the thirty-day period following January 31, 2008, ended on March 1, 2008.