NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2457

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:06-10109-001 |
| ROBERT L. NICHOLS *Defendant–Appellant*. | Michael M. Mihm, *Judge.* |

**O R D E R**

Robert Nichols appeals the denial of his motion for the return of property that the Drug Enforcement Administration administratively forfeited. We affirm.

In 2006 local police working with the DEA confiscated more than $284,000 cash and a motorcycle during a search of Nichols's home. Nichols later pleaded guilty to possession with intent to distribute cocaine base. *See* 21 U.S.C. § 841(a), (b)(1)(B). The

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

DEA commenced administrative forfeiture proceedings. *See* 18 U.S.C. § 983; 19 U.S.C. §§ 1602–19. In December 2006 the DEA sent by certified mail identical notices of seizure to Nichols's home: one addressed to him and the second to his wife. The DEA also sent by certified mail the same notice to the federal public defender's office that was representing Nichols, and in January sent a fourth notice by certified mail to Nichols at the Fulton County Jail in Illinois. Additionally, the DEA published notice of the forfeiture in the Wall Street Journal on January 15, 22, and 29, 2007. Nichols did not file a claim contesting the forfeiture, and in February 2007 his money was deemed forfeited. *See* 19 U.S.C. § 1609.

In March 2013 Nichols filed a motion for return of seized property under FED. R. CRIM. P. 32.2 asserting that he did not receive notice of the forfeiture. The government responded that the district court lacked jurisdiction to consider the motion because (1) Nichols already had been sentenced, and (2) the proper way to seek return of his property was through a civil proceeding. The court denied Nichols's motion, explaining that he had been sufficiently notified of the forfeiture by the four certified mailings and publication in the Wall Street Journal (as well as by the government's statement at the sentencing hearing that the cash "was administratively forfeited"). Even if the DEA did not notify Nichols, the court added, his motion was time-barred because he filed it more than five years after the date of final publication of notice of the administrative forfeiture of the cash. *See* 18 U.S.C. § 983(e)(3). As for his claim for return of his motorcycle, the court found Nichols's submissions insufficient to prove that the federal government seized it.

Nichols appeals the denial of his motion, but the government argues that the appeal is untimely. The government says that Nichols missed the 14-day deadline for appealing an order in a criminal case, *see* FED. R. APP. P. 4(b)(1), when he did not deposit his notice of appeal in the prison's mail system until 27 days after the denial of his motion. But a challenge to an administrative forfeiture is civil in nature, *see United States v. Howell*, 354 F,3d 693, 695–96 (7th Cir. 2004), and should be construed as initiating a civil proceeding, *see Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004); *United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000); *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007). Even though it was filed as part of his criminal case, we may treat the appeal as a civil one, *see United States v. Lee*, 659 F.3d 619, 620 (7th Cir. 2011); *United States v. Lilly*, 206 F.3d 756, 760–61 (7th Cir. 2000), and as such it is timely, FED. R. APP. P. 4(a)(1).

Nichols's only argument charges violations of Federal Rule of Criminal Procedure 32.2(a)—that the district court failed to enter a preliminary order of forfeiture, and that the government failed to provide notice to him in the indictment that it would seek the forfeiture of property. Civil forfeiture proceedings, however, are explicitly excluded from the Federal Rules of Criminal Procedure. *See* FED. R. CRIM. P. 1(a)(5)(B). The only way to set aside a civil forfeiture and challenge the adequacy of notice is by filing a motion under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(e); *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1195 (11th Cir. 2005), which has a five-year statute of limitations, calculated from the date of final publication of the seizure notice, 18 U.S.C. § 983(e)(3); *Duke*, 229 F.3d at 629. Nichols did not file his motion for return of property until March 2013—more than five years after the final publication of notice in January 2007. The district court properly denied Nichols's motion as time-barred.

AFFIRMED.