Samir **FARAG**, M.D., Plaintiff,

v.

**AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY, INC.,** Defendant.

No. CIV.A. 00–1454.

United States District Court, E.D. Pennsylvania.

March 27, 2001.

Hyman Lovitz, Kevin Lovitz, Lovitz & Gold, P.C., Philadelphia, PA, for plaintiff.

James Rankin, Kirkland & Ellis, Chicago, IL, Jan Fink Call, Hoyle, Morris & Kerr, Philadelphia, PA, Jill C. Anderson, Kirland & Ellis, Chicago, IL, for defendant.

## MEMORANDUM

EDUARDO C. ROBRENO, JR.,
District Judge.

The plaintiff, Samir Farag, M.D., ("Farag") filed a complaint against the defendant, the American Board of Psychiatry and Neurology ("the ABPN") alleging that the ABPN violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Pennsylvania Human Relations Act ("PHRA") by discriminating against him in the scoring of his certification exam to become "Board Certified."

The following facts are agreed to by the parties. Farag is a licensed, practicing psychiatrist in Pennsylvania. The defendant is a not-for-profit corporation that issues voluntary certifications in psychiatry, neurology and related sub-specialties to licensed physicians who successfully apply for certification and pass the ABPN's written and oral examinations. In order to take the exam, the tester must sign a general release form relieving the ABPN from liability from state and federal discrimination laws. Although Farag passed the written exam in 1991, he failed the oral exam on three separate occasions, the last time occurring in June of 1994. On the last occasion, the ABPN notified him by letter dated July 1, 1994. Farag took no legal action regarding any of these failures until he allegedly read an article on July 5, 1996 detailing allegations against the ABPN that its testing procedures, specifically the oral aspect of the exam, were racially discriminatory. On November 11, 1996, Farag filed a complaint with the Pennsylvania Human Rights Commission ("PHRC"). On January 27, 1997, a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). On March 20, 2000, Farag filed his complaint in this court.

On May 25, 2000, the defendant, American Board of Psychiatry and Neurology ("the ABPN") filed a motion to dismiss, or in the alternative, a motion for summary judgment, seeking to dismiss the plaintiff's claims of discrimination asserted under Title VII and the PHRA. On June 28, 2000, the court held oral arguments on the issues raised in the defendant's motion. The court denied without prejudice defendant's motion for summary judgment and extended the discovery period until August 28, 2000 in order to permit the parties to acquire additional information on the issues raised in ABPN's motion. On the very day that the extended discovery period ended, during which it appears neither party conducted any further discovery, the ABPN filed a renewed motion for summary judgment (doc. no. 16). On September 8, 2000, Dr. Farag filed a timely response to the ABPN's renewed motion (doc. no. 17).

In its renewed motion for summary judgment, the ABPN raises two legal claims. First, ABPN argues that Farag's claims are time-barred under the discovery rules for discrimination claims because Farag failed to file those claims within the

two-year statutory period allowed in Pennsylvania. Second, ABPN argues that it cannot be found liable under either of Farag's claims because he signed a waiver "releas[ing] ... the Board ... from any actions, suits, obligations, damages, claims or demands" in connection with the exam or the failure of the ABPN to issue him a certificate. Farag responds that his Title VII and PHRA claims are not time-barred because the statute of limitations did not begin to accrue until he read the article in July of 1996 alleging that the ABPN racially discriminated against its test-takers. Furthermore, Farag argues that, under the totality of the circumstances, he did not "knowingly" and "willfully" waive his discrimination claims as required under federal law.

The statute of limitations for a Title VII as well as a PHRA claim is 180 days after the alleged act of discrimination. However, if the plaintiff files the claim with a state or local agency with authority to adjudicate the claim, the plaintiff is granted 300 days from the date of the alleged discrimination to file a complaint with the EEOC. *See* 42 U.S.C. § 2000e–5(e). The time period for filing discrimination claims may be extended under two different doctrines: equitable tolling and the discovery rule. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 (3d Cir.1994). Because the plaintiff has neither argued that equitable tolling is appropriate in this case nor pointed to any specific facts that would justify equitable tolling, the court will focus on the discovery rule as it relates to the plaintiff's claim.

[1] " 'As a general rule, the statute of limitations begins to run when the plaintiff's cause of action accrues.' " *New Castle County v. Halliburton NUS Corp.,* 111 F.3d 1116, 1124 (3d Cir.1997)(citing *Oshiver,* 38 F.3d at 1385). The statute of limita-

tions begins to run when "the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." *Id.* at 1124 (citing *Oshiver,* 38 F.3d at 1386).

In considering Supreme Court precedent on the discovery rule, the Third Circuit has concluded that "[i]t is ... evident that the Supreme Court has fashioned its determinations concerning the limitations periods to require prompt filing of discrimination charges." *Colgan v. Fisher Scientific Co.,* 935 F.2d 1407, 1418 (3d Cir.1991). Not surprisingly, then, this circuit has concluded that "a claim accrues upon awareness of actual injury, not upon awareness that the injury constitutes a legal wrong." *Halliburton,* 111 F.3d at 1125. In elaborating on this point, the *Halliburton* court noted that "[t]he discovery rule does not delay the running of the statute of limitation until a plaintiff is aware of all of the facts necessary to bring a cause of action." *Id.*

[2] In this case, Farag discovered that he was injured in July 1994 when he received ABPN's letter informing him that he had failed the oral section of the certification exam. Obviously, at the same time, he was aware that ABPN was the party responsible for failing him. Therefore, under the discovery rule, Farag had until January 1995 to file a claim with the PHRC and until July 1995 to file with the EEOC. As he did not, he is now time-barred from pursuing this claim. Farag's contention that he did not discover he was discriminated against until he read an article in July of 1996 concerning the ABPN's alleged testing practices is not grounds for extending the date of accrual. As noted by Judge Bechtel, in interpreting the discovery rule as pronounced in *Oshiver,* knowledge of the discrimination is not nec-

essary for the statute of limitations to begin to run in Title VII claims. *Harper v. Court of Common Pleas of Philadelphia*, No. CIV. A. 99–4906, 2000 WL 688169 *2 (E.D.Pa. May 26, 2000) ("Under the discovery rule, [p]laintiff did not have to discover that her injury was based on discrimination, but need only be 'aware of the existence of and source of the injury.'"). Even if such a requirement was necessary under the discovery rule, Farag has failed to provide any evidence in his response to ABPN's motion for summary judgment, demonstrating that he did in fact read an article in July 1996 concerning ABPN's testing practices or the date and time of publication of that article.

For the reasons stated above, the court grants ABPN's motion for summary judgment on the grounds that Farag's claims are time-barred. Because the court's ruling on this one issue is dispositive of Farag's entire complaint, it is unnecessary for the court to rule on the issue of the alleged waiver releasing ABPN of all discrimination claims.

An appropriate order follows.

### ORDER

**AND NOW,** this 27th day of March, 2001, upon consideration of defendant's motion for summary judgment and plaintiff's response to defendant's motion, it is hereby **ORDERED** that defendant's motion for summary judgment (doc. no. 16) is **GRANTED**. It is further **ORDERED** that judgment is entered in favor of defendant and against plaintiff. The case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**