Anthony WEINANDT, Plaintiff,

v.

**KRAFT PIZZA COMPANY and Seaton Corp., Defendants.**

No. 01–C–496.

United States District Court, E.D. Wisconsin.

Aug. 23, 2002.

Gregory B. Gill, Gill & Gill, Appleton, WI, for Anthony Weinandt.

Timothy C. Klenk, Christian M Poland, Ross & Hardies, Chicago, IL, for Kraft Foods Inc., dba Jacks Pizza aka Kraft Pizza Co.

Jeffrey E. Kehl, Yelton & Kehl, Chicago, IL, for Seaton Corporation.

## DECISION AND ORDER

ADELMAN, District Judge.

### I. PROCEDURAL BACKGROUND

Plaintiff, Anthony Weinandt, brings this employment discrimination action against defendants Kraft Pizza Company ("Kraft") and Seaton Corp. ("Seaton"), alleging that defendants violated the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, by declining to hire him. Pursuant to Fed.R.Civ.P. 12(b)(6), Seaton now moves to dismiss the complaint based on plaintiff's alleged failure to timely name it in a discrimination charge with the Equal Opportunity Employment Commission ("EEOC").

On a Rule 12(b)(6) motion, the court ordinarily examines only the complaint. Subject to two narrow exceptions, if the court considers material outside the complaint it must treat the motion as one for summary judgment under Fed.R.Civ.P. 56 and afford the parties a reasonable opportunity to present relevant material. Fed. R.Civ.P. 12(b)(6); *see also Gen. Elec. Capital v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997); *Venture Assoc. Corp. v. Zenith Data Syst. Corp.*, 987 F.2d 429, 431 (7th Cir.1993). Here, the parties have referred to the EEOC charges, which are outside the complaint, and plaintiff has submitted his counsel's affidavit stating when plaintiff first became aware that Seaton rather than Kraft allegedly made the decision not to hire him. Thus, I will treat Seaton's motion as one for summary judgment under Fed.R.Civ.P. 56, and I have given the parties an opportunity to submit additional relevant material. In response, Seaton has submitted a copy of Kraft's disclosures pursuant to Fed.R.Civ.P. 26(a)(1) and a copy of a September 20, 2001 letter from Kraft's counsel to plaintiff's counsel.

## II. FACTS

On February 28, 2000, plaintiff responded to a newspaper advertisement and interviewed for a position with Kraft. On March 3, 2000, he was advised that he would not be hired. On March 24, 2000, he filed a discrimination charge against Kraft with the Wisconsin Equal Rights Division ("ERD") and the EEOC. The ERD investigated and on October 23, 2000 issued a "probable cause" determination. On April 9, 2001, the EEOC issued a right to sue letter.

On May 16, 2001, plaintiff filed the present suit naming only Kraft as a defendant. On June 25, 2001, plaintiff filed a technical amendment to the complaint, and on July 9, 2001, Kraft answered. In its answer Kraft did not claim that any other party was responsible for the decision not to hire plaintiff.

On August 29, 2001, Kraft served its Fed.R.Civ.P. 26 disclosures on plaintiff. In the disclosures, Kraft listed two witnesses who would testify about "Kraft's lack of involvement in the hiring process," but did not explain why Kraft was not involved in such process. Kraft also listed as a document that might be used to support its defenses "Kraft's contract with Seaton Corporation." Kraft, however, did not state how this contract might support its defenses or what the Seaton Corporation had to do with the case.

In mid-September 2001 Kraft, for the first time, disclosed to plaintiff's counsel that it had allegedly engaged Seaton, a personnel company, to handle the interviewing and hiring of job applicants, and that Seaton had made the decision not to hire plaintiff. On October 31, 2001, plaintiff amended the complaint to add Seaton as a defendant. On January 11, 2002, plaintiff filed a charge against Seaton with the EEOC, and on January 16, 2002, the EEOC issued a second right to sue letter.

## III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment may be granted only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Material" facts are those facts that might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute over such facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. *Id.*

The movant bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.

R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts showing that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

## IV. DISCUSSION

### A. Statute of Limitations and Tolling Doctrines

In order to bring an action in federal court under Title VII, the ADA, or the ADEA a Wisconsin plaintiff must file a charge of discrimination with the EEOC or ERD within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e).[1] However, this statute of limitations is subject to a number of tolling mechanisms, including the discovery rule and the doctrines of equitable estoppel and equitable tolling. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450–51 (7th Cir.1990). In the present case, it is undisputed that plaintiff did not name Seaton in an EEOC charge within 300 days of the decision not to hire him. The issue is whether any of the tolling doctrines apply and thereby excuse plaintiff's failure. Thus, I will briefly discuss each of the ways in which the limitation period can be tolled or extended.

### 1. Discovery Rule

■ "[T]he discovery rule functions to delay the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1386 (3d Cir.1994); *see also United States v. Duke,* 229 F.3d 627, 630 (7th Cir.2000) ("The federal common law rule or when a statute of limitations begins to run is that it is when the plaintiff *discovers,* or by exercise of *due diligence* would have discovered, that he has been *injured* and who *caused* the injury.") (emphasis in original); *Chaney v. City of Chicago,* No. 95–C–1979, 1996 WL 718519, *3, 1996 U.S.Dist. LEXIS 18509, at *8–9 (N.D.Ill.Dec.12, 1996) (adopting *Oshiver's* statement of the discovery rule).

■ "[O]nce the plaintiff has discovered the injury, the statutory limitations period begins to run and the plaintiff is afforded the full limitations period, starting from the point of claim accrual, in which to file his or her claim of discrimination." *Oshiver,* 38 F.3d at 1386; *see also Cada,* 920 F.2d at 452 ("[I]t is entirely clear that the discovery rule if applicable gives the plaintiff the entire statute of limitations period in which to sue....").

### 2. Equitable Estoppel

■ The doctrine of equitable estoppel, sometimes called fraudulent concealment, " 'comes into play if the defendant takes active steps to prevent the plaintiff

---

1. For purposes of the statute of limitations, Wisconsin is a "deferral state," i.e. one with its own anti-discrimination laws and state agency empowered to investigate alleged violations of those laws and grant relief. In such states, the plaintiff has 300 days within which to file with the agency. In non-deferral states, the limitations period is 180 days. 42 U.S.C. § 2000e–5(e); *see generally Smith v. General Scanning, Inc.,* 832 F.2d 96, 98 (7th Cir.1987).

from suing in time,' such as by hiding evidence or promising not to plead the statute of limitations." *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (citation omitted) (quoting *Cada*, 920 F.2d at 450). "Fraudulent concealment in the law of limitations presupposes that the plaintiff has discovered, or, as required by the discovery rule, should have discovered, that the defendant injured him, and denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." *Cada*, 920 F.2d at 451. In such circumstances, the plaintiff is granted a fresh 300 days to file an EEOC charge after he uncovers the hidden information. *Thelen*, 64 F.3d at 268.

### 3. Equitable Tolling

 Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451. It differs from equitable estoppel because it does not assume a wrongful effort on the part of the defendant to prevent the plaintiff from suing. It also differs from the discovery rule because "the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Id.* If equitable tolling applies, the plaintiff does not gain a fresh 300 days in which to file after discovery of the missing evidence; rather, the statute of limitations is merely suspended, and the plaintiff "must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information." *Id.* at 453.

### B. Applicability of Tolling Doctrines

There is no evidence in the record indicating fraudulent concealment by Seaton, thus, the equitable estoppel doctrine does not apply. However, I conclude that both the discovery rule and the doctrine of equitable tolling are applicable and that, therefore, plaintiff's EEOC charge against Seaton was not untimely.

### 1. Discovery Rule

 Plaintiff did not learn of Seaton's involvement in the hiring decision until mid-September 2001. Kraft did not disclose Seaton's identity or involvement in the proceedings before the ERD or in its answer in this court. Kraft's Rule 26 disclosures also failed to provide sufficient information to put plaintiff on notice that Seaton had made the hiring decision in question. While Kraft listed two witnesses who would testify about "Kraft's lack of involvement in the hiring process," it did not connect these witnesses or its lack of involvement to Seaton. In fact, Kraft's only mention of Seaton was a cryptic reference to a "contract with Seaton Corporation," which explained neither the relevance of the contract nor of Seaton.

Thus, while plaintiff knew that he had been *injured* in March 2000, he did not learn until mid-September 2001 that his injury had been *caused* by Seaton. *See Duke*, 229 F.3d at 630. Therefore, he had 300 days within which to file a charge following discovery of Seaton as a defendant. It is undisputed that he did so.

Plaintiff made reasonable efforts to discover who caused his injury. There is no evidence that he knew or should have known of Seaton's involvement either when he was interviewed or when he was told that he would not be hired. He promptly filed a complaint with the ERD against the party he reasonably believed was responsible. The ERD conducted a

complete investigation, the purpose of which was to uncover facts relevant to the case. *See Thelen,* 64 F.3d at 268. The ERD did not discover that Seaton was involved or, if it did, did not reveal such information to plaintiff. Thus, plaintiff's failure to discover the existence of Seaton was not the result of any failing on his part.

Seaton argues that the limitations period should be found to have commenced on the day plaintiff was notified that he would not be hired. It cites cases holding that the limitations period begins when the plaintiff is notified of the adverse act, not when the consequences of the act become painful. However, none of the cases cited by Seaton involve the situation presented here, where plaintiff knew that he had been injured but did not know who had injured him.

Seaton first cites *Delaware State College v. Ricks,* 449 U.S. 250, 252, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), where the plaintiff, a college professor, was denied tenure on March 13, 1974. Pursuant to college policy, he was then offered a one year "terminal contract" that would expire on June 30, 1975. *Id.* at 253, 101 S.Ct. 498. The plaintiff filed his EEOC charge on April 4, 1975. *Id.* at 254, 101 S.Ct. 498. When the timeliness of the charge was contested, the plaintiff claimed that the violation did not occur until June 30, 1975, when his employment ended. *Id.* at 259, 101 S.Ct. 498. The Court rejected his argument, holding that the limitations period commenced when the plaintiff was notified that he had been denied tenure. *Id.* at 258–59. *Ricks* is of no help to Seaton because the plaintiff there knew, when he was denied tenure, both that he had been injured and the

identity of the injurer. Further, the Seventh Circuit has held that the "discovery rule is implicit in the holding of *Ricks.*" *Cada,* 920 F.2d at 450.

In *Vaught v. R.R. Donnelley & Sons Co.,* 745 F.2d 407, 409–10 (7th Cir.1984), also cited by Seaton, the plaintiff, then age fifty-nine, learned in October 1979 that despite good job evaluations he was being demoted and his position offered to a man in his late thirties. However, he did not file a charge with the EEOC. In December 1980 he learned that the defendant had been removing most middle-level managers over age fifty. Thus, on March 6, 1981, he filed a charge. *Id.* at 410. The district court dismissed the case as untimely, and the court of appeals affirmed, finding that in October 1979 plaintiff was aware of facts that would support a discrimination charge. *Id.* at 411. *Vaught* is also of no value to Seaton because, once again, the plaintiff there knew the identity of the alleged wrongdoer at the time of his injury although he did not become aware of other facts supporting his claim until later.

Similarly, Seaton relies on quotations from *Palmer v. Bd. of Educ. Comm. Unit School Dist. 201–U,* 46 F.3d 682, 686 (7th Cir.1995)[2] and *Lever v. Northwestern University,* 979 F.2d 552, 553 (7th Cir.1992),[3] which are also inapposite. Plaintiff, here, does not contend that the limitations period began only when his knowledge of the case was complete but rather that his claim did not accrue until he learned "who *caused* the injury." *Duke,* 229 F.3d at 630. Finally, Seaton relies on *Cada,* which is also distinguishable because there, too, the

---

**2.** "Like punching someone in the nose, this act may lead to injury in the future, but when there is only one wrongful act the claim accrues with the first injury." *Id.*

**3.** "Time starts to run with 'the *discriminatory act,* not the point at which the *consequences* of the act become painful.'" *Id.* (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981)).

plaintiff knew who had fired him. 920 F.2d at 449.

■ Contrary to Seaton's argument, a discrimination claim does not accrue until the plaintiff learns both that he has been injured and the identity of the person who caused the injury. *Duke*, 229 F.3d at 630; *Oshiver*, 38 F.3d at 1386–87. These two requirements are distinct. *See Farag v. American Bd. of Psychiatry & Neurology, Inc.*, 152 F.Supp.2d 647, 649 (E.D.Pa.2001) (declining to apply discovery rule because plaintiff knew both that he had been injured and that defendant had caused the injury more than 300 days before he filed); *Bickings v. Bethlehem Lukens Plate*, 82 F.Supp.2d 402, 410 (E.D.Pa.2000) ("On July 11, 1996, Bickings became aware that he had been injured because he learned that his application was rejected. In addition, on that date he was aware that Lukens caused that injury. Therefore, Bickings's claim for discriminatory failure to rehire accrued on July 11, 1996."). In the present case, plaintiff knew in March 2000 that he had been injured but, through no fault of his own, did not know until much later who injured him. Thus, under the discovery rule, his claim against Seaton did not accrue until September 2001 and his EEOC charge against Seaton was timely filed in January 2002.

**2. Equitable Tolling**

■ As previously discussed, a limitation period is equitably tolled if a plaintiff can show that he exercised due diligence and acted reasonably to obtain information necessary to file his claim, but that despite his efforts the information was not available in time. *See, e.g., Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir.2001); *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1174 (7th Cir.1999); *Cada*, 920 F.2d at 451. As I have indicated, plaintiff exercised due diligence here. In the absence

of information to the contrary, it was reasonable for plaintiff to have assumed that Kraft did its own interviewing and hiring. He had no reason to suspect that Kraft had contracted these functions out to a third party, and Kraft refused to provide any information to the contrary until long after the limitations period had run.

Seaton asserts that plaintiff was at fault because he asked the EEOC to issue a right to sue letter without waiting for the agency to complete its investigation, which investigation, according to Seaton, would have revealed its identity and involvement. This assertion, however, is factually incorrect. The Wisconsin ERD, pursuant to its work sharing agreement with the EEOC, conducted a full investigation of plaintiff's discrimination charge and found probable cause. During its investigation it did not find out about Seaton. And, plaintiff did not request a right to sue letter until after the investigation was completed.

Seaton does not explain what plaintiff should have done in order to discover its role in Kraft's hiring decision. Rather, it points out that considerable time passed between the filing of plaintiff's charge against Kraft and the filing of plaintiff's charge against Seaton. But if Kraft did not disclose Seaton's involvement, and Seaton did not volunteer it (assuming that it had been advised by Kraft of plaintiff's charge), and the ERD did not discover it, it is unclear what more plaintiff could have done. I conclude that plaintiff exercised due diligence, but that despite his efforts he did not learn of Seaton's involvement until more than 300 days after he was refused hire.

■ For equitable tolling to apply, plaintiff must also show that he acted within a reasonable time after learning of Seaton's involvement. *Hentosh*, 167 F.3d at 1175; *Thelen*, 64 F.3d at 268. Seaton argues that plaintiff did not act sufficiently

promptly. First, Seaton asserts that plaintiff discovered its involvement on July 6, 2001, rather than in mid-September.[4] However, plaintiff's counsel states in an affidavit that he did not learn about Seaton until mid-September 2001, and neither Seaton or Kraft has contradicted this statement.[5]

Seaton argues that, even so, plaintiff should have moved more rapidly. Plaintiff named Seaton in the lawsuit on October 31, 2001, and filed an EEOC charge against Seaton on January 11, 2002. Although plaintiff could have acted with more dispatch, I conclude that he did not delay the matter unreasonably. The Seventh Circuit has discussed the issue of unreasonable delay on several occasions. In both *Hentosh,* 167 F.3d at 1175, and in *O'Rourke v. Contential Cas. Co.,* 983 F.2d 94, 97 (7th Cir.1993), the court opined that a delay of seven months was too great.[6] In *Elmore v. Henderson,* 227 F.3d 1009, 1013 (7th Cir.2000), the court, again in dicta, stated that four months was too long a delay to re-file a complaint that had been dismissed on the ground of improper join-

der. In *Thelen,* 64 F.3d at 269, the court found ten months too long. Finally, in *Cada,* 920 F.2d at 453, the court held that eight months was unreasonable.

Plaintiff acted more quickly than the litigants in all of these cases. He amended his federal court complaint within six weeks. While equitable tolling does not justify omitting steps such as the filing of an administrative complaint, *O'Rourke,* 983 F.2d at 97, this action shows that he was not sleeping on his rights and that Seaton was promptly made aware of his complaint.[7] He filed his EEOC charge about ten weeks later. Drawing all reasonable inferences in plaintiff's favor, plaintiff did not delay unreasonably before taking action against Seaton.

·

## V. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Seaton's motion for summary judgment based on the expiration of the 300 day limitations period is **DENIED.**

---

4. Seaton's argument is based on an obvious misstatement in the January 2002 EEOC charge, where plaintiff indicated that he learned of Seaton from Kraft's July 6, [sic] 2001 answer filed in this court. But Kraft's July 9, 2001 answer nowhere mentions Seaton. As plaintiff's counsel explains in his affidavit, this was simply a mistake in the EEOC charge; Seaton's role was not revealed until mid-September 2001.

5. The September 20, 2002 letter from Kraft to plaintiff, submitted by Seaton, supports the statement and suggests that Seaton's role was revealed around September 14, 2002.

6. The statements regarding delay in both *Hentosh* and *O'Rourke* were dicta because the court had disposed of the claims on other grounds. *See* 167 F.3d at 1175, 983 F.2d at 97.

7. The parties have not addressed the question of whether Seaton may be a proper defendant even if it had not been named in an EEOC

charge. In *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), the court recognized an exception to the general rule that a party not named in an EEOC charge may not be subject to suit. Under the exception, if the unnamed party has been provided with adequate notice of the charge and given an opportunity to participate in conciliation proceedings, the charge is sufficient to confer jurisdiction over that party. *Id.* Here, in response to plaintiff's ERD/EEOC charge, Kraft filed a detailed statement explaining its hiring procedures and how they applied in plaintiff's case. If Seaton handled Kraft's hiring it is hard to imagine how Kraft could have filed this response without consulting Seaton and thereby giving Seaton notice of the pending charge. However, because the issue was not addressed by the parties, I will not address it either.

**IT IS FURTHER ORDERED** that a telephonic scheduling conference will be held on *September 12, 2002, at 10:30 a.m.* The court will initiate the call.