**Ronald FERRILL, Plaintiff,**

v.

**CITY OF MILWAUKEE, Defendant.**

**No. 03 C 0539.**

United States District Court,
E.D. Wisconsin.

Dec. 15, 2003.

Thomas A. Nelson, Milwaukee, WI, for Plaintiff.

Miriam R. Horwitz, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff Ronald Ferrill, a former police officer, brings this employment discrimination action alleging that defendant City of Milwaukee discriminated against him based on race (African–American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000–e et seq. Defendant now moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that plaintiff's claim is barred by the statute of limitations.

## I. MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). A complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of his alleged facts, he has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff was employed as a Milwaukee Police officer from 1982 until 1990. While off-duty, plaintiff discharged his handgun into the air out of the window of his personal vehicle. On July 16, 1990, as the result of this act, plaintiff was terminated and informed of his termination. He appealed to the Fire and Police Commission unsuccessfully. In August 1991, plaintiff discovered that white police officers who had committed acts similar to or worse than the act that caused his termination had received punishments less severe than discharge. On August 19, 1991, he filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").[1] On or about March 12, 2003, plaintiff received a right to sue letter, and this action was filed soon after.

## III. DISCUSSION

### A. Title VII Statute of Limitations and Tolling Mechanisms

 In order to bring a Title VII action in federal court, a Wisconsin plaintiff must file a charge of discrimination with the EEOC or the state Equal Rights Division ("ERD") within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e).[2] However, the timely filing of an administrative charge is not a jurisdictional requirement, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and the 300 day statute of limitations is subject to a number of tolling mechanisms, including the discov-

ery rule and the doctrines of equitable tolling and equitable estoppel. *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450–51 (7th Cir.1990); *Weinandt v. Kraft Pizza Co.,* 217 F.Supp.2d 923, 927 (E.D.Wis.2002). I will briefly discuss each of these tolling mechanisms before turning to the present case.

### 1. Discovery Rule

 " '[T]he discovery rule functions to delay the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct.' " *Weinandt,* 217 F.Supp.2d at 927 (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1386 (3d Cir.1994)); *see also United States v. Duke,* 229 F.3d 627, 630 (7th Cir.2000) ("The federal common law rule on when a statute of limitations begins to run is that it is when the plaintiff *discovers,* or by exercise of *due diligence* would have discovered, that he has been *injured* and who *caused* the injury.") (emphasis in original); *Cada,* 920 F.2d at 450 ("Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the plaintiff occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers that he has been injured.").

 Once the plaintiff has discovered the injury, the statutory limitations period

---

1. Plaintiff attaches a copy of the charge to his complaint. Although I may not consider matters outside the pleadings on a Rule 12(b)(6) motion, I may consider documents attached to the complaint. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir.2002).

2. For purposes of the statute of limitations, Wisconsin is a "deferral state," i.e., one with

its own anti-discrimination laws and state agency empowered to investigate alleged violations of those laws and grant relief. In such states the plaintiff has 300 days within which to file with the agency. In non-deferral states, the limitations period is 180 days. 42 U.S.C. § 2000e–5(e); *see generally Smith v. Gen. Scanning, Inc.,* 832 F.2d 96, 98 (7th Cir.1987).

begins to run, and the plaintiff is afforded the full limitations period, starting from the point of claim accrual, in which to file his or her claim of discrimination. *Oshiver*, 38 F.3d at 1386; *Cada*, 920 F.2d at 452 (stating "that the discovery rule if applicable gives the plaintiff the entire statute of limitations period in which to sue").

■■ However, it is important to note that "[a] plaintiff's action accrues when he discovers that he had been injured, not when he determines that the injury was unlawful." *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir.1995). Thus, when the adverse employment action (i.e. the injury) was the termination of employment, the action accrues when the plaintiff was advised of the termination, not later when he discovers facts leading him to believe that he was the victim of discrimination. *See id.* In situations where the plaintiff discovers the facts necessary to bring a discrimination charge only after the 300 day period has run, the doctrine of equitable tolling comes into play. *See id.*

### 2. Equitable Tolling

■ Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim" prior to the expiry of the statute of limitations. *Cada*, 920 F.2d at 451. It differs from the discovery rule because "the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Id.*

If equitable tolling applies, the plaintiff does not gain a fresh 300 days in which

to file after discovery of the missing evidence; rather, the statute of limitations is merely suspended, and the plaintiff "must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information."

*Weinandt*, 217 F.Supp.2d at 928 (quoting *Cada*, 920 F.2d at 453).

### 3. Equitable Estoppel

■ Finally, the doctrine of equitable estoppel, sometimes called fraudulent concealment, "'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time,' such as by hiding evidence or promising not to plead the statute of limitations." *Thelen*, 64 F.3d at 267 (citation omitted) (quoting *Cada*, 920 F.2d at 450). If it is shown that the employer engaged in such conduct, the plaintiff is granted a fresh 300 days to file an EEOC charge after he uncovers the hidden information. *See id.* at 268.

## B. Application to Present Case

It is undisputed that plaintiff was terminated on July 16, 1990, and did not file an administrative charge of discrimination until August 19, 1991. The questions presented are (1) when did plaintiff's claim accrue, (2) did he file a charge within 300 days of accrual, and (3), if not, may his failure to timely file be excused under the equitable tolling doctrine.[3]

■ Plaintiff was terminated and advised of the termination on July 16, 1990. Because he knew on July 16, 1990 that he had been injured and who injured him, his claim accrued on that date. It is irrelevant for purposes of the discovery rule that plaintiff learned only later that the termination may have been discriminatory.

---

**3.** There is no indication in the record that defendant withheld information such that equitable estoppel might apply.

*See Thelen,* 64 F.3d at 267. Plaintiff did not file his EEOC charge until August 19, 1991, more than 300 days after the statute of limitations began to run. Thus, the charge was untimely under the discovery rule.[4]

■ However, I cannot conclude from his pleading that plaintiff is not entitled to the benefit of the doctrine of equitable tolling. Plaintiff alleges that he "first obtained information about [the] disparity between the treatment of him and the treatment of similarly situated non-African American officers, on or about August 1991[.]" (Compl.¶ 7.) As noted, plaintiff's charge was filed with the EEOC on August 19, 1991. Plaintiff further alleges that until he obtained such information "he had no reason to suspect that the discipline of termination imposed on him ... was ... discriminatory. When [plaintiff] obtained information that he had been treated differently, and worse, than similarly situated non-African American officers, he promptly filed his complaint with the United States Equal Employment Opportunity Commission." (*Id.* ¶ 8.)

Taking these allegations in the light most favorable to him, plaintiff alleges that despite the exercise of due diligence, he could not obtain information necessary to determine whether his firing might have violated Title VII until August 1991, and the charge was filed within a reasonable time thereafter. This is sufficient to invoke the doctrine of equitable tolling.

■ Defendant argues that plaintiff has pleaded insufficient facts to invoke the doctrine of equitable tolling. Defendant asks too much. As the Seventh Circuit recently explained:

[T]he statute of limitations [is an] affirmative defense[ ]. *See* Fed.R.Civ.P. 8(c). Complaints need not anticipate or attempt to defuse potential defenses. *See Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). A complaint states a claim on which relief may be granted when it narrates an intelligible grievance that, if proved, shows a legal entitlement to relief. *See Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Bennett v. Schmidt,* 153 F.3d 516 (7th Cir.1998). A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense, *see Walker v. Thompson,* 288 F.3d 1005 (7th Cir.2002) (applying this principle to the period of limitations), but this complaint does not do so; the district judge thought, rather, that the complaint had failed to *overcome* the defenses. As complaints need not do this, the omissions do not justify dismissal.

*United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir.2003). Thus, plaintiff was not required to plead any facts refuting defendant's affirmative

---

**4.** Plaintiff relies on *Allen v. Chicago Transit Authority,* 317 F.3d 696 (7th Cir.2003) and *Artis v. Hitachi Zosen Clearing, Inc.,* 967 F.2d 1132 (7th Cir.1992), but neither support application of the discovery rule in the present case. The *Allen* court specifically relied on equitable tolling to find the plaintiffs' claims timely. 317 F.3d at 698–99. In *Artis,* the plaintiff, an African–American, had been laid off. About two years later he learned that whites with less seniority had been recalled ahead of him. 967 F.2d at 1135–36. The court held that the cause of action did not accrue and the 300 day period did not begin to run until the plaintiff "discovered the Title VII violation." *Id.* at 1144. However, the injury in that case was not the layoff, but the failure to recall. Thus, it was proper to hold that plaintiff did not discover his injury until he learned that others with less seniority had been recalled. *Artis* cannot be understood to stand for the proposition, specifically disavowed in *Thelen,* that a claim accrues only when the plaintiff learns the facts necessary to show a Title VII violation, as opposed to learning of the fact of the injury.

defense. In any event, I conclude that he has pleaded sufficient facts to invoke equitable tolling and thus withstand defendant's motion to dismiss.[5]

Defendant also argues that its motion should be granted based on *Thelen v. Marc's Big Boy Corp.* However, the present case is distinguishable from *Thelen* because there, even after obtaining information causing him to suspect discrimination, the plaintiff waited ten months before filing an administrative charge. 64 F.3d at 268. In the present case, plaintiff alleges that as soon as he obtained information causing him to suspect discrimination he filed his administrative complaint.

### IV. CONCLUSION

Therefore, for the above reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

---

**5.** Defendant argues that plaintiff could have discovered the basis for his claim during the appeal process before the Police and Fire Commission. However, the record is insufficiently developed for me to evaluate this argument.